IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                                  CR. No. 08-237 JCH

KHOA LUONG,

      Defendants.

## MEMORANDUM OPINION AND ORDER

This case is before the Court on *Khoa Luong's Motion to Reconsider Denial of Motion for Compassionate Release* [Doc. 72]. In addition to the motion, the Court considers the United States' response [Doc. 73], a letter from Defendant's mother [Doc. 75], Defendant's *Notice of Supplemental Authority* [Doc. 76], the United States' response to the notice [Doc. 77], Defendant's *Supplement to Motion to Reconsider* [Doc. 84][1], and the Presentence Report. In addition, the Court has reviewed medical records provided by the Defendant. Upon review of the foregoing as well as the relevant legal precedents and authorities, the Court concludes that the motion should be denied.

## BACKGROUND

According to the Presentence Report, in January of 2008, defendant entered a nail salon brandishing a handgun and pointing it at everyone inside, including two small children. He then demanded a vehicle and threatened to shoot the owner of the salon. The owner, fearing for the safety of himself and others, gave defendants the keys to his vehicle. The defendant used the car

---

[1] The Government did not respond to Defendant's supplement.

to flee. Two days later, defendant (who was using a crutch) entered an Albuquerque bank wearing a ski mask and holding a backpack. Defendant had a gun, which he fired twice while robbing the bank of $1,500. No one was physically injured. Defendant fled to Texas, where he was arrested after a high-speed chase in which he attempted to evade police.

Defendant pled guilty to single counts of bank robbery and carjacking as well as to one count of use of a firearm during and in relation to a crime of violence under 18 U.S.C. § 924(c). Defendant and the Government entered into a Rule 11(c)(1)(C) plea agreement for a sentence of 18-22 years. The Court imposed concurrent sentences of 96 months each for the robbery and carjacking, and the 120-month minimum, mandatory sentence for use of a firearm under 18 U.S.C. § 924(c), this to run consecutively to the 96 months. The total sentence was 216 months or 18 years. *See* Judgment [Doc. 41]. The court sentenced Defendant to a total of 216 months incarceration. Defendant, who is now 45 years old, is currently housed at USP Rochester. Taking into account earned and anticipated good time credits, his projected release date is June 24, 2023. Doc. 84 at 17.

Defendant has previously filed a motion for compassionate release under 18 U.S.C. § 3582(C)(1)(A)(i), as amended by the First Step Act, Pub. L. No. 115-39, 132 Stat. 5194 (Dec. 21, 2018). The Court denied his motion, finding that his medical conditions, taken into consideration either alone or in combination with the change in the law of stacking of a criminal sentence, did not constitute an extraordinary and compelling reason for the relief requested. [Doc. 71 at 7]. Defendant now asks the Court to reconsider that decision.

**DISCUSSION**

I.   **Law Governing Motions for Compassionate Release**

18 U.S.C. § 3582(c)(1)(A)(i), as amended in 2018 by the First Step Act, allows defendants to move for compassionate release in the district court after exhausting Bureau of Prisons (BOP) administrative remedies. *See United States v. Maumau*, 993 F.3d 821, 830 (10th Cir. 2021). The Court must follow a three-step test when analyzing whether compassionate release is justified. *United States v. McGee*, 992 F.3d 1035, 1042-43 (10th Cir. 2021). A court may grant a defendant's motion for a reduced sentence if the court finds that: (1) extraordinary and compelling reasons warrant a sentence reduction; (2) the sentence reduction reflects applicable policy statements issued by the Sentencing Commission; and (3) the reduction fits the district court's consideration of the 18 U.S.C. § 3553(a) factors, to the extent that they are applicable. *Id.* at 831; *United States v. Hemmelgarn*, 15 F.4th 1027, 1029 (10th Cir. 2021) (quoting *Maumau*, 993 F.3d at 831).

Because the United States Sentencing Commission "has been unable to comply with its statutory duty of promulgating a post-First Step Act policy statement," "the Sentencing Commission's existing policy statement[s are] applicable only to motions for sentence reductions filed by the Director of the BOP, and not to motions filed directly by defendants." *McGee*, 992 F.3d at 1050. Thus, current policy statements "cannot constrain district courts' discretion" in deciding a prisoner's motion for compassionate release. *Id.* (quotations omitted).

Finally, a court may deny compassionate release motions when one of the three steps is lacking without addressing the others. *Id.* at 1043. Stated otherwise, "[i]f the most convenient way for the district court to dispose of a motion for compassionate release is to reject it for failure to satisfy one of the steps, we see no benefit in requiring it to make the useless gesture of

determining whether one of the other steps is satisfied." *United States v. Hald*, 8 F.4th 932, 942-43 (10th Cir. 2021).

## II.     Motions to Reconsider

Although the Federal Rules of Criminal Procedure do not specifically provide for motions to reconsider, the Tenth Circuit has ruled that a district court may properly grant such a motion in a criminal case. *United States v. Christy*, 739 F.3d 534, 539 (10th Cir. 2014) (citation omitted) (applying law of the case grounds to motion to reconsider suppression ruling). The Tenth Circuit has provided that "[t]he law of the case doctrine posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *United States v. Monsisvais*, 946 F.2d 114, 115 (10th Cir. 1991) (quotation and citation marks omitted). Defendants rely on the tenet that "[w]hen law of the case doctrine applies, three circumstances generally warrant departure from the prior ruling: (1) new and different evidence; (2) intervening controlling authority; or (3) a clearly erroneous prior decision which would work a manifest injustice." *Rimbert v. Eli Lilly & Co.*, 647 F.3d 1247, 1251 (10th Cir. 2011).

Defendant ties his motion to reconsider to the second category, pointing to an intervening change in the law. Defendant notes that in *United States v. McGee*, 992 F.3d 1035 (10th Cir. 2021), the Tenth Circuit Court of Appeals joined other federal circuits in deciding that the change to the stacking rules in the First Step Act may, when combined with other factors, provide the basis for compassionate release as an "other reason" within the meaning of USSG § 1B1.13. [Doc. 76 at 2]. In addition, he argues that his elderly mother is in dire need of his comfort and assistance, which other family members are unable to provide [Doc. 72 at 2]. He asserts that in denying his previous motion for compassionate release, the Court failed to

4

consider the same argument with regard to his father, who has since passed away. Defendant also argues that his family members, who are medical professionals, can provide defendant with "professional guidance and support" [*Id*. at 3]; and, that defendant has been a model prisoner who poses no threat to society [*Id*.].

In his later, more detailed supplement [Doc. 84] to the motion to reconsider, Defendant reasserts the original arguments for his motion to reconsider. In addition, again he points to *McGee* and *United States v. Maumau*, 993 F.3d 821 (10th Cir. 2021) to argue that the Court should consider the stacking of 924(c) sentences as an extraordinary and compelling reason justifying compassionate release. [Doc. 84 at 8-10]. Defendant also contends that since the Court's denial of his first motion for compassionate release, FMC Rochester has failed to provide him with adequate care for his Post-Polio Syndrome and has failed to control or manage the spread of Covid-19 in its facility. [Doc. 84 at 10-17]. He reasserts his mother's increasing need for companionship and support. [*Id*. at 14]. Finally, Defendant concludes that the Section 3553 factors weigh in favor of his release. [*Id*. at 17-21].

### III.   Analysis

#### A.   Exhaustion of Administrative Remedies

A defendant may move to modify a term of imprisonment with a district court only after "the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A) (emphasis added). The burden to prove exhaustion belongs to the defendant. *See United States v. Hemmelgarn*, 15 F.4th 1027, 1029 (10th Cir. 2021) ("[The defendant] has failed

to provide proof that he exhausted his administrative rights as is required under § 3582(c)(1)(A)."); *United States v. Patton*, No. 16-cr-40113, 2022 WL 2134197, at *2 (D. Kan. June 14, 2022).

In its previous opinion [Doc. 71], the Court found that Defendant had exhausted his administrative remedies. The government has not challenged that finding. *See United States v. Hemmelgarn*, 15 F.4th 1027, 1031 (10th Cir. 2021)(finding that the government waives exhaustion when it fails to contest the issue).

**B.      The Merits of the Motion**

Defendant argues that the legal landscape has changed since the Court filed its prior opinion denying his motion for compassionate release. As the Court alluded above, in 2018 the First Step Act amended 18 U.S.C. § 924(c), removing the possibility that a defendant will receive "stacked" Section 924(c) sentences by requiring that the 25-year mandatory-minimum sentence that applies for a second or successive Section 924(c) conviction applies only "when a prior § 924(c) conviction arises from a separate case" and already "has become final." First Step Act § 403(a), 132 Stat. at 5222. That change does not automatically apply retroactively to sentences, like Defendant's, that were imposed before December 21, 2018, the effective date of the First Step Act. *Id*. § 403(b).

In *McGee*, 992 F.3d 1035 (10th Cir. 2021), an opinion issued after this Court denied Defendant's motion for compassionate release in late 2020, the Tenth Circuit ruled that although relief under Section 3582(c)(1)(A) could not be based solely on a sentence disparity resulting from a change in sentencing law effected by the First Step Act (in that case, a reduction in the mandatory minimum from life to 25 years), a district court could consider and grant relief based on such a disparity in combination with other circumstances particular to the defendant. *See id.* at

6

1045-48. "[N]othing in § 401(c) or any other part of the First Step Act indicates that Congress intended to prohibit district courts, on an individualized, case-by-case basis, from granting sentence reductions under § 3582(c)(1)(A)(i) to some of those defendants." *See id*. at 1047 (emphasis in original). Three days later, in *Maumau*, the Tenth Circuit effectively reaffirmed that holding by affirming the district court's grant of immediate release based in part on a sentence disparity created by the First Step Act's elimination of the stacking requirement for certain violations of Section 924(c). *See Maumau*, 993 F.3d at 837.

The Court therefore reviews Defendant's motions to reconsider in light of *McGee* and *Maumau*.

### 1. **Extraordinary and Compelling Reasons**

In its order [Doc. 71] denying Defendant's original motion for compassionate release, the Court found that the Defendant's medical conditions (effects of polio infection, risk of reinfection with Covid-19, and managed liver and kidney conditions) taken into consideration alone or in combination with the change in the law of stacking of a criminal sentence, did not constitute extraordinary and compelling reasons for compassionate release. Doc. 71 at 7.

Under *Maumau*, a district court has broad discretion to determine what constitutes "extraordinary and compelling reasons," and that discretion is circumscribed only by the applicable policy statements issued by the Sentencing Commission. *Maumau*, 993 F.3d at 834 (internal quotation marks omitted). Currently, there is no such applicable policy statement. The Sentencing Commission's existing policy statement applies only to motions filed by the BOP; it therefore "cannot constrain district courts' discretion to consider whether any reasons are extraordinary and compelling" when the motion is filed by a defendant. *Id*. at 837 (internal quotation marks omitted).

7

Defendant argues that the Court should consider compassionate release in light of the severity of his § 924(c) stacked sentences, which have since been eliminated under the 2018 amendment to the First Step Act, along with other factors supporting his motion for compassionate release. *See* Doc. 84 at 4. Defendant reasserts the arguments from his original motion to reconsider [Doc 72]—that is, his desire to provide care and comfort to his elderly mother, the inability of BOP to prevent the spread of Covid-19 at Rochester FMC, and his record of being a good inmate who poses no danger to the community. *See* Doc. 84 at 3-4, 8. In his supplement, Defendant contends that his mother has progressed in her need for emotional support and comfort, citing a letter from her doctor. He contends that he remains at high risk for developing a severe case of Covid-19, despite having previously recovered from the virus, and that FMC Rochester does a poor job of controlling the spread of Covid-19. Finally, he argues that FMC Rochester does not provide him with the care required for his Post-Polio Syndrome.

### (a)   The Covid-19 Pandemic

Medical conditions rarely provide an extraordinary and compelling reason to warrant compassionate release. *See United States v. Willis*, 382 F. Supp. 3d 1185, 1188 (D.N.M. 2019). With respect to the pandemic, "[t]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release." *United States v. Purify*, No. 20-cr-05075, 2021 WL 5758294, at *4 (10th Cir. Dec. 3, 2021) (quoting *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020)). Relief based on COVID-19 reasons is rarer still for vaccinated incarcerated persons—if not foreclosed in the Tenth Circuit. *See, e.g.*, *United States v. McRae*, No. 21-cr-04092, 2022 WL 803978, at *2 (10th Cir. Mar. 17, 2022) ("Given the effectiveness of COVID-19 vaccines, we agree . . . that 'a defendant's incarceration during the COVID-19 pandemic—when the defendant has access to

the COVID-19 vaccine—does not present an "extraordinary and compelling reason" warranting a sentence reduction.'" (quoting *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021))); *United States v. Medina*, No. 15-cr-00352, 2021 WL 1986834, at *3 (D. Utah May 18, 2021) (collecting cases); *United States v. Wills*, 541 F. Supp. 3d 1185, 1190-91 (D. Or. 2021) (collecting cases). *But see United States v. Cruz-Hernandez*, No. 09-cr-03072 MV, 2022 WL 3577082, at *3-4 (D.N.M. Aug. 19, 2022) (limiting *United States v. McRae* by stating that "when a movant shows individualized medical evidence of extraordinary and compelling vulnerability to COVID-19 despite vaccination, or when a movant demonstrates extraordinary and compelling factors beyond medical vulnerability, this Court may grant release"). Courts also deny relief to incarcerated persons with comorbidities who have contracted and recovered from COVID-19. *See, e.g.*, *United States v. Lippke*, No. 15-cr-02491 WJ, 2021 WL 1169676, *4 (D.N.M. Mar. 26, 2021); *United States v. Hollins*, No. 15-cr-20100, 2021 WL 103017, at *2 (D. Kan. Jan. 12, 2021); *United States v. Sandoval-Flores*, No. 99-cr-00109-TC, 2020 WL 6562087, at *5 (D. Utah Nov. 9, 2020).

Defendant complains of the failure of FMC Rochester to control the spread of Covid-19 within its walls. However, the extensive spread of Covid-19 in the facility is merely a mirror image of the nearly uncontrolled spread of the virus throughout the United States as a whole. Therefore, Defendant's alleged susceptibility to the virus, and the facility's failure to stop its spread, is not an extraordinary and compelling circumstance justifying compassionate release.

### (b)  *Defendant's Elderly Mother's Need for Care*

The Court is not unsympathetic to Defendant's mother's plight. Unfortunately, it is all too common for prisoners to have a parent or parents with similar needs for care and companionship. However, the Court also notes that Defendant is one of four children, and he has

9

a brother who is a physician who could potentially care for their mother. Although Defendant previously argued that his brother was not a potential caregiver because he is treating Covid-19 patients, that argument is softened with the availability of vaccines and the tremendous spread of the virus over the past two years. The point is moot, however, because the Tenth Circuit has stated unequivocally that caring for aging parents is not grounds for release. *United States v. Pepper*, 851 Fed. Appx. 890, (10th Cir. June 21, 2021) (unpublished) (citing *United States v. Lopez*, 846 F. App'x 733, 735 (10th Cir. 2021) (unpublished).

        (c)      *The Length of Defendant's Sentence*

Throughout his briefing, Defendant makes reference to his "stacked sentences" under § 924(c). However, a review of the Judgment in this case makes clear that in fact Defendant did not receive stacked sentences under § 924(c). Rather, he received a single ten-year sentence for one count under § 924(c) to be served consecutively to the eight-year sentence he received for armed robbery and carjacking. Thus, stacking was not an issue in Defendant's sentence.

Second, with regard to his sentencing Defendant received the benefit of a Rule 11(a)(1)(C) agreement with the Government. In his sentencing memorandum, Defendant asked the Court to sentence him to the low end of the agreed upon range of 18-22 years. Doc. 38. That is exactly what the Court did, sentencing him to 18 years imprisonment.

Now, the Defendant argues that the stacking rules in place at the time of his sentencing gave the Government leverage in plea negotiations that it would not have under the current legal framework because it held the threat of stacked sentences under § 924(c). Defendant argues that during negotiations, "[t]he basic concession of the Government was not to bring the second and coterminous 924(c) count, which would have been 'stacked' under the old law." Doc. 84 at 20 (citing Doc. 59 at 9). However, it is entirely speculative to assume that Defendant would have

received a lower sentence today than he did in 2009. Plea negotiations involve many factors and variables; it is hard to know how a change in one would affect the outcome. Defendant did not receive stacked § 924(c) sentences, so it is impossible to know exactly how a change in the law allowing stacking would have helped him. Other than citing the change in stacking rules, Defendant offers no other facts to support his argument that the change in stacking rules contributes to an extraordinary and compelling reason for compassionate release.

        (d)        *Defendant's poliomyelitis*

The medical records document that Defendant contracted polio as a baby in Vietnam and that in recent years he has experienced muscle atrophy and weakness in his legs. According to medical records, USP Rochester provided Defendant with physical therapy for this issue. Defendant avers that as of April 1, 2020, USP Rochester stopped giving him physical therapy due to the Covid-19 pandemic lockdown at the facility. According to a letter (Doc. 84-1) from Dr. Raymond Scaletter, who states that he has reviewed Defendant's medical records, "failure to provide physiotherapy to an individual with Post Polio Syndrome will result in further loss of muscle mass, pain and the ability to perform the activities of daily living." Id. at 2. Absent from Dr. Scaletter's letter, however, is any discussion of any medical records showing a worsening of Defendant's condition since April 1, 2020. Similarly, Dr. Scaletter does not point to any loss of Defendant's ability to perform the activities of daily living.

Based on all of the foregoing, the Court concludes that Defendant has not shown extraordinary and compelling reasons for compassionate release.

        **2.**        **§ 3553(a) Factors**

The Court previously denied Defendant's motion for compassionate release based on § 3553 factors, finding that although Defendant did not have any felony convictions prior to this

case, "the crimes of conviction here are very serious and include the discharge of a firearm." Doc. 71 at 7. The Court also concluded that Defendant's sentence was proper in all respects. *Id*.

Defendant now argues that compassionate release is justified by his need for medical services, his rehabilitation in prison, his display of remorse, and the lack of danger he poses to the community. He also cites his release plan and the change in the law for stacking § 924(c) sentences previously discussed.

The Court bears in mind that Defendant pointed a gun at others, including children, and threatened to shoot an adult in order to obtain his vehicle. The Court also notes that despite having had an opportunity to stop this serious and violent criminal behavior, Defendant continued it two days later when he actually discharged his gun in the presence of others during the commission of a bank robbery. The Court concludes that in light of Defendant's serious offense conduct, the sentence originally imposed by the court is necessary "to promote respect for the law," "to afford adequate deterrence to criminal conduct," and, "to protect the public from further crimes of the [D]efendant." 18 U.S.C. § 3553(a)(2)(A)-(C) (emphasis added).

**IT IS THEREFORE ORDERED** that *Khoa Luong's Motion to Reconsider Denial of Motion for Compassionate Release* [Doc. 72] is **DENIED**.

_____
**SENIOR UNITED STATES DISTRICT JUDGE**